IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEE POLITE PLAINTIFF

vs. Civil No. 4:26-cv-04016

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Lee Polite ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, District Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

## 1. Background

Plaintiff filed his DIB disability application on December 25, 2023. (Tr. 14).[1] In his application, Plaintiff alleges being disabled due to PTSD, high blood pressure, back injury, and foot injury. (Tr. 213). Plaintiff alleged an onset date of December 13, 2023. (Tr. 14). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 120-158). A hearing was held on November 5, 2025. (Tr. 32-53). At this hearing, Plaintiff was present and represented by counsel, Matthew Golden. *Id.* Plaintiff and Vocational Expert, ("VE") Valerie Hill testified at this hearing. *Id.*

Following the administrative hearing, the ALJ entered an unfavorable decision on December 5, 2025. (Tr. 14-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2028. (Tr. 17, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") since December 13, 2023. (Tr. 17, Finding 2).

The ALJ determined Plaintiff had severe impairments of post-traumatic stress disorder and hypertension. (Tr. 17, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 17, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 18-22). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform light work except cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; cannot work in high, exposed places, or in proximity to moving mechanical parts; can understand, remember and carry out short, simple instructions; can perform work without a production pace, such as assembly line or hourly quotas; can make only simple work related decisions; can occasionally adapt to workplace changes, and can tolerate only occasional interaction with co-workers, supervisors and the general public. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ determined Plaintiff could not perform his PRW. *Id.* However, the ALJ also found there were

jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) housekeeper cleaner with approximately 190,475 jobs in the nation, (2) merchandise marker with approximately 167,105 jobs in the nation and (3) routing clerk with approximately 122,280 jobs in the nation. *Id*. Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act from December 13, 2023, through the date of the decision. (Tr. 23, Finding 11).

On March 4, 2026, Plaintiff filed the present appeal. ECF No. 2. Both parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2. <u>Applicable Law</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,*

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. <u>Discussion</u>**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 13. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in assessing his subjective allegations, (B) the ALJ erred in the RFC determination, and (C) the ALJ erred at Step 5. *Id.* The Court will consider each of these arguments.

**A. Subjective Allegations**

Plaintiff claims the ALJ erred in evaluating his subjective allegations of disability. ECF No. 13, pp. 4-6. In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives sound reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in the evaluation of Plaintiff's subjective allegations. (Tr. 18-22). Indeed, the ALJ opinion outlined Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id.* The ALJ also noted his daily activities and set forth reasons for finding those activities not as limiting as described by Plaintiff. *Id.* Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how he received treatment and medication for his impairments that appeared to be effective. *Id.* The ALJ also noted that while Plaintiff indicated medication side effects, his doctors did not express concern with any adverse side effects. *Id.* Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

**B. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with postural, environmental, and mental restrictions. (Tr. 18, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No.13, pp. 6-7. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective

complaints in this matter. The mere fact Plaintiff suffers from several impairments does not demonstrate he has more limitations than those found in the RFC assessment.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. (Tr. 18-22). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing the RFC. *Id.*

Plaintiff also argues that the ALJ "ignored" certain treatment records. ECF No. 13, p. 7. However, the ALJ did discuss treatment from the providers in these records and Plaintiff has failed to explain how the evidence in question is inconsistent with the ALJ's RFC assessment.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**C. Step 5 Determination**

Finally, the Plaintiff argues the ALJ did not include all of the appropriate limitations in his hypothetical to the VE, and based on this, the ALJ's Step Five determination is not supported by substantial evidence. ECF No. 13, p. 7. After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true, and which were supported by the record as a whole. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing

work as housekeeper cleaner, merchandise marker, and routing clerk. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**4. Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 13th day of October 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE